KIRKALDY v RIM

Docket No. 225735. Submitted December 4, 2001, at Detroit. Decided June 4, 2002, at 9:15 A.M. Leave to appeal sought.

Mary and William Kirkaldy brought an action in the Wayne Circuit Court against Choon Soo Rim, M.D., Rim & Sol, M.D., P.C., Raina M. Ernstoff, M.D., and Raina M. Ernstoff, M.D., P.C., alleging medical malpractice. The plaintiffs served on the defendants a notice of intent to file a medical malpractice claim, a complaint, and an affidavit of meritorious claim. The defendants moved to strike the affidavit of meritorious claim on the basis that the affiant was a board-certified neurosurgeon while the defendant doctors were both board-certified neurologists. The court, Marianne O. Battani, J., agreed with the defendants and entered an order dismissing the plaintiffs' complaint without prejudice. The Ernstoff defendants appealed, alleging that the dismissal should have been with prejudice.

The Court of Appeals *held*:

1. The court did not err in finding that the plaintiffs' affidavit of merit failed to meet the requirements for affidavits stated in MCL 600.2912d. A medical malpractice plaintiff must file with the complaint an affidavit of merit signed by a health professional who meets the requirements for an expert witness under MCL 600.2169 or who the plaintiff's attorney reasonably believes meets those requirements. Here, the plaintiffs' attorney's beliefs that the affidavit requirements of MCL 600.2912d were rendered invalid by a Court of Appeals decision that found MCL 600.2169 unconstitutional and that MRE 702 provided the appropriate standard were unreasonable. Under the facts of this case, it was foreseeable that the Supreme Court would, and did, reverse the Court of Appeals decision and it was unreasonable for the plaintiffs' attorney to rely on the precedential value of the Court of Appeals decision. In addition, it was not reasonable to assume that the invalidation of MCL 600.2169 by the Court of Appeals also invalidated the requirements for an affiant under MCL 600.2912d.

2. Where, as in this case, a timely filed affidavit of merit fails to conform to the requirements of MCL 600.2912d, the appropriate sanction is dismissal without prejudice.

Affirmed.

ACTIONS — MEDICAL MALPRACTICE — AFFIDAVITS OF MERIT — SANCTIONS.
  Dismissal without prejudice is the appropriate sanction in a medical
     malpractice action where the plaintiff's timely filed affidavit of
     merit fails to conform to the requirements for such affidavits stated
     in MCL 600.2912d.

*Granzotto & Nicita, P.C.* (by *Mark Granzotto*), and
*Erlich, Rosen & Bartnick, P.C.* (by *Sheldon D.
Erlich*), for the plaintiffs.

*Siemion, Huckabay, Bodary, Padilla, Morganti &
Bowerman, P.C.* (by *Raymond W. Morganti*), for
Choon Soo Rim, M.D., and Rim & Sol, M.D., P.C.

Saurbier, Siegan & Sanfield, P.C. (by *Renée S.
Siegan* and *Valerie Henning Mock*), for Raina M.
Ernstoff, M.D., and Raina M. Ernstoff, M.D., P.C.

Before: K. F. KELLY, P.J., and HOOD and DOCTOROFF,
JJ.

DOCTOROFF, J. Defendants Raina M. Ernstoff, M.D.,
and Raina M. Ernstoff, M.D., P.C. (Ernstoff defen-
dants), appeal as of right an order dismissing plain-
tiffs' complaint without prejudice.[1] We affirm.

I

Defendant Choon Soo Rim, M.D., first examined
plaintiff Mary Kirkaldy on June 17, 1996, for com-
plaints of weakness in her right side, lack of motor
coordination, clumsiness, and being off-balance. Dr.
Rim diagnosed Mary with myasthenia gravis on
October 4, 1996, which appears to be the last date
that he treated her. Dr. Ernstoff first examined Mary

---

[1] Defendants Choon Soo Rim, M.D., and Rim & Sol, M.D., P.C., did not
appeal as of right the lower court's decision in this case; however, they
did file a cross appeal in which they also challenged the trial court's deci-
sion to dismiss plaintiffs' complaint without prejudice. Therefore, the term
"defendants" will be used to refer to all defendants.

about October 28, 1996, arriving at the same diagnosis as Dr. Rim, and continued to treat her through at least February 28, 1997. In May 1997, Mary's gynecologist ordered a magnetic resonance imaging (MRI) of her brain in response to her complaints of muscle weakness and short-term memory loss. The MRI revealed the presence of a two-centimeter neoplasm (tumor) in her brain, along with obstructive hydrocephalus (excessive accumulation of fluid in the brain).

On June 9, 1998, plaintiffs served defendants with a notice of intent to file a medical malpractice claim pursuant to MCL 600.2912b. On December 7, 1998, plaintiffs filed their complaint alleging that Drs. Rim and Ernstoff breached the standard of care by failing to diagnose and treat Mary's brain tumor. Plaintiffs subsequently filed an affidavit of meritorious claim pursuant to MCL 600.2912d.[2] The affiant was Mark S. Klein, M.D., who was identified in the affidavit as a board-certified neurosurgeon. In their responsive affidavits of meritorious defense, both Drs. Rim and Ernstoff claimed to be board-certified neurologists.

Defendants Dr. Rim and Rim & Sol, M.D., P.C. (Rim defendants) filed a motion to strike plaintiffs' affidavit of merit, arguing that because Dr. Rim was a board-certified neurologist and Dr. Klein was not a board-certified neurologist, Dr. Klein did not meet the requirements of an expert witness qualified under MCL 600.2169 to testify against Dr. Rim.[3] The Rim

---

[2] MCL 600.2912d typically requires a medical malpractice plaintiff to file the affidavit of merit with the complaint. In this case, however, pursuant to MCL 600.2912d(2), plaintiffs sought and obtained an ex parte order allowing them an additional twenty-eight days to file their affidavit.

[3] MCL 600.2169 states, in part:

(1) In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state and meets the following criteria:

defendants further argued that plaintiffs were obligated by MCL 600.2912d to file an affidavit signed by a health professional who the plaintiffs' attorney reasonably believed met the qualifications for an expert witness under MCL 600.2169. Because plaintiffs' affidavit did not comply with the requirements of MCL 600.2912d, the Rim defendants asked the trial court to strike the affidavit.

The Ernstoff defendants subsequently moved for summary disposition, raising a similar argument to that in the Rim defendants' motion to strike, i.e., that Dr. Ernstoff was a board-certified neurologist and plaintiffs' affidavit of merit was defective because it was not signed by a board-certified neurologist. The Ernstoff defendants further argued that because the affidavit was not in compliance with MCL 600.2912d, the complaint was a nullity. In addition, because the two-year limitation period had expired, the Ernstoff defendants argued that plaintiffs' complaint should be dismissed pursuant to this Court's holding in *Scarsella v Pollak*, 232 Mich App 61; 591 NW2d 257 (1998) (*Scarsella I*).

Plaintiffs responded to the Rim defendants' motion to strike by stating that MCL 600.2169 had been ruled unconstitutional by this Court in *McDougall v Eliuk*, 218 Mich App 501; 554 NW2d 56 (1996) (*McDougall I*);[4] therefore, the proper standard for determining an expert witness in a medical malpractice case was

---

(a) If the party against whom or on whose behalf the testimony is offered is a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty as the party against whom or on whose behalf the testimony is offered. However, if the party against whom or on whose behalf the testimony is offered is a specialist who is board certified, the expert witness must be a specialist who is board certified in that specialty.

[4] On December 23, 1997, our Supreme Court granted leave to appeal this Court's decision in *McDougall I*. See *McDougall v Eliuk*, 456 Mich 905 (1997).

MRE 702.[5] Plaintiffs further argued that because Dr. Klein had the knowledge, skill, experience, training, and education to form an opinion regarding the standard of care for a patient with neurological symptoms, he would qualify as an expert witness under MRE 702. In support of their arguments, plaintiffs filed an additional affidavit of Dr. Klein in which he listed his qualifications to testify regarding the standard of care for a neurologist. Plaintiffs also responded to the Ernstoff defendants' motion for summary disposition with similar arguments, adding that the limitation period had not expired because plaintiffs' notice of intent to file a claim and complaint tolled the limitation period. Plaintiffs further argued that even if the trial court determined that plaintiffs' affidavit of merit did not comply with the statute, dismissal was not warranted because this case was distinguishable from *Scarsella I*, because the plaintiff in *Scarsella I* did not file an affidavit of merit.

Before the trial court heard defendants' motions, our Supreme Court released its decision in *McDougall v Schanz*, 461 Mich 15; 597 NW2d 148 (1999) (*McDougall II*), overruling this Court and finding that MCL 600.2169 did not violate the Michigan Constitution. In August 1999, the trial court held a hearing on both defendants' motions. The key issue at the hearing was how the decisions in *McDougall I* and *McDougall II* affected the affidavit of merit requirements of MCL

---

[5] MRE 702 states:

   If the court determines that recognized scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

600.2912d. Defendants argued that the recent Supreme Court ruling made it clear that plaintiffs were obligated to file an affidavit signed by a board-certified neurologist, and their failure to do so warranted dismissal of their complaint. Plaintiffs argued that at the time they filed their complaint, *McDougall I* was good law, MCL 600.2169 was found unconstitutional, the standard for an expert witness was MRE 702, Dr. Klein was qualified under MRE 702 to testify against defendants, and, therefore, plaintiffs' affidavit complied with MCL 600.2912d. Plaintiffs further argued that *McDougall II* should not be applied retroactively and dismissal was a drastic sanction under the circumstances of this case. Defendants countered that plaintiffs were on notice that *McDougall I* was on appeal to the Supreme Court and could be reversed, and plaintiffs were not entitled to rely on the holding of *McDougall I*. The trial court asked the parties to submit supplemental briefs on the issue whether *McDougall II* should be applied retroactively and adjourned the matter.

In October 1999, the court held another hearing on defendants' motions. Defendants argued that the law was clear that *McDougall II* should be applied retroactively and that plaintiffs therefore could not maintain their argument that their affidavit was in compliance with the statute. Plaintiffs countered that the Supreme Court's decision in *McDougall II* was not foreseeable and, therefore, should not be applied retroactively. Plaintiffs further argued that dismissal of plaintiffs' complaint was not required where plaintiffs actually filed an affidavit, citing *VandenBerg v VandenBerg*, 231 Mich App 497; 586 NW2d 570 (1998), as support for their position. The trial court found that *McDougall II* should be applied retroactively and plaintiffs' affidavit did not comply with MCL

600.2912d. The court further found that plaintiffs' affidavit was "the same thing as having no affidavit" and the limitation period was not tolled. The court granted defendants' motion for summary disposition dismissing all of plaintiffs' claims with prejudice.

Plaintiffs filed a motion for reconsideration, arguing that the trial court erred in dismissing plaintiffs' claims with prejudice because the appropriate remedy for failing to file an affidavit of merit was dismissal without prejudice, citing *Dorris v Detroit Osteopathic Hosp Corp*, 460 Mich 26; 594 NW2d 455 (1999). Plaintiffs further argued that MCL 600.2912d only required that plaintiffs' attorney reasonably believe that the expert was qualified under MCL 600.2169. Plaintiffs further argued that, at the time they filed their complaint, their attorney reasonably believed that Dr. Klein was qualified because of this Court's opinion in *McDougall I* and the fact that Dr. Klein was qualified to testify against defendants under MRE 702.

The trial court conducted a hearing on plaintiffs' motion for reconsideration in February 2000. The court briefly discussed the holdings of *Scarsella I*, *VandenBerg*, and *Dorris*, and reached the conclusion that the cases cannot be reconciled. The court found that this Court's holding in *McDougall I* did not support the argument that plaintiffs' attorney had a reasonable belief that Dr. Klein was qualified to testify against defendants under MCL 600.2169. However, the court agreed with plaintiffs that it erred in dismissing plaintiffs' claims with prejudice and that the claims should be dismissed without prejudice. The trial court entered an order on March 1, 2000, vacating its previous order and dismissing plaintiffs' claims without prejudice.

II

We first address plaintiffs' argument on cross appeal that the trial court erred in dismissing plaintiffs' complaint because plaintiffs' attorney reasonably believed that the affidavit of merit was signed by an expert who was qualified to testify against defendants. We disagree.

Under the requirements of MCL 600.2912d, a medical malpractice plaintiff must file with the complaint an affidavit of merit signed by a health professional who meets the requirements for an expert witness under MCL 600.2169 or who the plaintiff's attorney reasonably believes meets those requirements. *Holmes v Michigan Capital Medical Center*, 242 Mich App 703; 620 NW2d 319 (2000). MCL 600.2169(1) prohibits an expert from testifying against a defendant who is a specialist unless the expert practices or teaches in the same specialty as the defendant. Further, if the defendant is board certified in a specialty, the expert must be board certified in that same specialty. MCL 600.2169(1)(a). Here, in order to qualify as an expert witness, plaintiffs' expert would need to be a board-certified neurologist because the defendant doctors are both board-certified neurologists. That is clearly not the case because plaintiffs' expert was identified as a board-certified neurosurgeon, and plaintiffs do not contest this fact.

Instead, plaintiffs argue that their attorney reasonably believed that the expert qualified because at the time they filed their complaint, a panel of this Court had found MCL 600.2169 unconstitutional. Plaintiffs claim that the invalidation of MCL 600.2169 meant that the standard for expert witnesses in medical malpractice cases reverted to MRE 702. Plaintiffs further assert that their expert, Dr. Klein, had the requisite

skill, experience, training, and knowledge relative to the diagnosis and treatment of neurological conditions such as that suffered by plaintiff Mary Kirkaldy, and would have been qualified under MRE 702 to testify regarding the standard of care and defendants' alleged breach of that standard. Therefore, plaintiffs' attorney's belief that Dr. Klein qualified as an expert witness under MRE 702 was reasonable.

Although plaintiffs may be correct that their attorney could have reasonably believed that Dr. Klein qualified as an expert witness under MRE 702, this argument assumes that the invalidation of MCL 600.2169 by this Court's decision in *McDougall I* also invalidated the requirements for the affiant under MCL 600.2912d. To the contrary, this Court neither addressed the affidavit of merit requirements nor ruled on the constitutionality of MCL 600.2912d in *McDougall I*. The essential holding of *McDougall I* was that the expert witness requirements of the statute conflicted with the standard for qualifying an expert under MRE 702 and, therefore, was an unconstitutional infringement by the Legislature on the judiciary's rule-making authority. *McDougall I, supra* at 506-507. There was no determination in *McDougall I* or in any case law interpreting MCL 600.2912d that the requirements for an affidavit of merit conflicted with the court rules or was otherwise unconstitutional. Further, assuming arguendo that this Court's holding in *McDougall I* had been affirmed by the Supreme Court, it cannot also be assumed that the courts would have, at some later date, found the requirements of MCL 600.2912d to be unconstitutional. Plaintiffs' attorney's belief that *McDougall I* invalidated the affiant requirements of MCL 600.2912d and that MRE 702 was the new standard for an expert signing an affidavit of merit was not reasonable.

Even if we were to accept plaintiffs' questionable argument that *McDougall I* invalidated the affiant requirements of MCL 600.2912d, it must be noted that in this case the Supreme Court granted leave to hear *McDougall II* before plaintiffs filed their complaint. Because the Supreme Court was reviewing the decision, plaintiffs were on notice that *McDougall I* could be reversed and MCL 600.2169 could be found constitutional. In addition, if the Supreme Court reversed *McDougall I*, it was likely that the Court's holding would be applied retroactively. It is a general rule that an appellate decision is given retroactive effect unless it overrules existing precedent or decides an issue of first impression that was not clearly foreshadowed. *Holmes, supra* at 713. Here, it was entirely foreseeable that the Supreme Court would find the statute constitutional, and plaintiffs' assumption that they were safe in relying on the precedential value of *McDougall I* was unwarranted. Therefore, it was unreasonable for plaintiffs' attorney to assume that the holding of *McDougall I* would be good law throughout the pendency of this case, and the trial court did not err in determining that plaintiffs' affidavit of merit did not meet the requirements of MCL 600.2912d.

III

We next address the central issue of this appeal, whether the trial court should have dismissed plaintiffs' complaint with or without prejudice. Defendants claim that plaintiffs' invalid affidavit of merit was the equivalent of filing no affidavit at all and that the applicable limitation period has expired; therefore, pursuant to this Court's holding in *Scarsella I*, which our Supreme Court affirmed in *Scarsella v Pollak*, 461 Mich 547; 607 NW2d 711 (2000) (*Scarsella II*), plain-

tiffs' complaint should be dismissed with prejudice. Plaintiffs concede, for the purpose of this issue, that dismissal was warranted under *Scarsella I*. However, they argue that the Supreme Court in *Scarsella II* and *Dorris, supra,* explicitly declined to determine whether a complaint filed with a nonconforming affidavit should be dismissed with prejudice.

In *Scarsella I,* this Court addressed whether a complaint filed without the required affidavit of merit tolled the limitation period. The plaintiff in *Scarsella I* filed a medical malpractice complaint approximately two to three weeks before the expiration of the limitation period. The plaintiff did not file an affidavit of merit with the complaint, and the trial court did not grant an extension. Several months later, the defendant moved for summary disposition based on the plaintiff's failure to comply with MCL 600.2912d(1). The plaintiff filed an affidavit of merit two days before the defendant's motion was heard. The trial court dismissed the plaintiff's case with prejudice, ruling that the complaint filed without an affidavit was a nullity and, therefore, the limitation period was not tolled when the plaintiff filed the complaint.

This Court affirmed the trial court's order, finding no error in the lower court's analysis. *Scarsella I, supra* at 63. The *Scarsella I* panel, *id.* at 63-64, reasoned that, although the filing of a complaint generally tolls the limitation period, the unambiguous language of MCL 600.2912d(1) adds an additional requirement for medical malpractice plaintiffs. "Use of the word 'shall' indicates that an affidavit accompanying the complaint is mandatory and imperative. We therefore conclude that, for statute of limitations purposes in a medical malpractice case, the mere tendering of a complaint without the required affida-

vit of merit is insufficient to commence the lawsuit." *Scarsella I, supra* at 64 (citation omitted).

Shortly before this Court's opinion in *Scarsella I* was released, another panel of this Court held in *VandenBerg, supra* at 502, that dismissal was too harsh a sanction for failure to file an affidavit of merit with a complaint. However, the *VandenBerg* case was distinguishable from *Scarsella I* in that the plaintiff in *VandenBerg* served an affidavit of merit on the defendants with the summons and complaint, even though he did not file the affidavit of merit at the same time as the complaint. *Id.* at 498. In addition, the plaintiff in *VandenBerg* was not faced with a statute of limitations problem. *Scarsella I, supra* at 64, n 1.

In June 1999, following the release of the *Scarsella I* and *VandenBerg* opinions, our Supreme Court released *Dorris, supra.* In *Gregory v Heritage Hosp,* the companion case to *Dorris, supra,* the Supreme Court found that the plaintiff's case, which had been pursued as a simple negligence claim, was actually a medical malpractice action, and that the plaintiff should have filed an affidavit of merit as required by MCL 600.2912d. *Dorris, supra* at 47. The Court noted that at no time did the plaintiff file an affidavit of merit; however, in reliance on *VandenBerg, supra,* the Court held that dismissal without prejudice was the appropriate action under the circumstances of the case. *Id.* at 47-48.

In March 2000, the Supreme Court adopted this Court's opinion in *Scarsella I* in its entirety, holding that failure to file the affidavit of merit required by MCL 600.2912d(1) necessitates dismissal of the complaint. *Scarsella II, supra* at 549, 552. However, the Supreme Court added two notes of clarification. First, the Court reaffirmed its holding in *Dorris, supra,* that the appropriate sanction is to dismiss the plaintiff's

complaint without prejudice. The Court then affirmed this Court's holding in *Scarsella I* that where a plaintiff "wholly omits to file the affidavit" required by MCL 600.2912d, the limitation period is not tolled and, if the limitation period has expired, dismissal with prejudice is appropriate. *Scarsella II, supra* at 552-553. However, the Court specifically stated that the holding of *Scarsella II* "does not extend to a situation in which a court subsequently determines that a timely filed affidavit is inadequate or defective." *Id.* at 553. Further, the Court added in a footnote that "[w]hether a timely filed affidavit that is grossly nonconforming to the statute tolls the statute is a question we save for later decisional development." *Id.* at 553, n 7.

In the most recent interpretation of MCL 600.2912d and MCL 600.2169, this Court addressed whether an affidavit signed by a health professional who specialized in a field other than that of the defendant complied with the requirements of the statute. In *Decker v Flood*, 248 Mich App 75; 638 NW2d 163 (2001), this Court held that the plaintiffs' expert, who was a dental specialist, was not qualified under MCL 600.2169(1) to testify against the defendant dentist who was a general practitioner. *Decker, supra* at 83. This Court further held that the plaintiffs' affidavit did not comply with MCL 600.2912d because it was not signed by a health professional who was qualified to testify against the defendant under MCL 600.2169. *Decker, supra* at 83-84. Therefore, this Court affirmed the trial court's decision to dismiss the plaintiffs' complaint *without* prejudice. *Id.* at 77, 84. Although this Court implicitly agreed with the trial court in *Decker* that the proper result was dismissal without prejudice, we note that whether the complaint should

be dismissed with or without prejudice was not an issue in *Decker*.

It is apparent from this review of the existing case law that we have yet to determine whether a timely filed affidavit of merit that does not conform to the requirements of MCL 600.2912d requires a sanction other than dismissal without prejudice. Further, MCL 600.2912d does not provide for any sanction for failing to file an affidavit. In fact, before 1993, MCL 600.2912d provided sanctions for a plaintiff's failure to file the affidavit of merit, up to and including dismissal of the complaint; however, the 1993 revisions eliminated the reference to sanctions. *VandenBerg, supra* at 500-501.

Although we have not yet addressed the specific issue in this case, there is adequate guidance suggesting that the proper resolution would be dismissal without prejudice. As this Court noted in *Vanden-Berg*, dismissal is a drastic sanction that should be taken cautiously, and the trial court should consider all available options before concluding that dismissal is just and proper. *Id.* at 502. If dismissal in general is a drastic sanction, then surely dismissal with prejudice is even more drastic because it would preclude a plaintiff from refiling the action at a later date. See *ABB Paint Finishing, Inc v Nat'l Union Fire Ins Co*, 223 Mich App 559, 562-563; 567 NW2d 456 (1997). We conclude that the sanction of dismissal with prejudice is not required here where the less drastic sanction of dismissal without prejudice is available.

Further, in deciding this issue, we note that the purpose of MCL 600.2912d is to prevent frivolous medical malpractice actions. *Dorris, supra* at 47. In contrast to the facts of *Scarsella* and similar to the facts of *VandenBerg*, it appears that the purpose of

the statute was fulfilled here where plaintiffs filed an affidavit, albeit a nonconforming one, in which a medical professional clearly supported plaintiffs' claims that defendants' actions amounted to malpractice. Although in a technical sense, Dr. Klein may not have been qualified to testify regarding the defendants' standard of care or breach of that standard, it would appear that he has adequate knowledge, skill, and experience regarding the diagnosis and treatment of neurological conditions so that his proffered testimony would eliminate the possibility that plaintiffs' claim was frivolous.

Defendants argue that dismissal with prejudice is required because the limitation period expired. This argument presumes that the timely filing of a defective affidavit does not toll the limitation period, a position that is not supported by the existing case law. See *Scarsella II, supra* at 553. Our courts have specifically declined to decide this issue, and resolution of this case does not require that we determine whether filing an affidavit that does not comply with MCL 600.2912d tolls the limitation period. If plaintiffs proceed with their refiled action, defendants will have the opportunity to seek dismissal of that action on the ground that the limitation period has expired.

Plaintiffs urge this Court in their reply brief to visit the issue whether their nonconforming affidavit of merit successfully tolled the limitation period. However, this issue was neither raised in defendants' statement of questions presented nor raised by plaintiffs in their cross appeal. Therefore, we need not address this issue. *Caldwell v Chapman*, 240 Mich App 124, 132; 610 NW2d 264 (2000); *Check Reporting Services, Inc v Michigan Nat'l Bank-Lansing*, 191 Mich App 614, 628; 478 NW2d 893 (1991).

We conclude under the facts of this case that the trial court correctly determined that the proper sanction for plaintiffs' nonconforming affidavit of merit was dismissal without prejudice.

Affirmed.