KIRKALDY v RIM (ON REMAND)

Docket No. 225735. Submitted January 6, 2005, at Lansing. Decided June 7, 2005, at 9:00 a.m. Leave to appeal sought.

Mary and William Kirkaldy brought an action in the Wayne Circuit Court against Choon Soo Rim, M.D.; Rim & Sol, M.D., P.C.; Raina M. Ernstoff, M.D.; and Raina M. Ernstoff, M.D., P.C., alleging medical malpractice. The plaintiffs served on the defendants a notice of intent to file a malpractice claim, a complaint, and an affidavit of merit relating to the claim. The court, Marianne O. Battani, J., dismissed the complaint, without prejudice, because the plaintiffs' expert did not have the same board certification as the defendant doctors. The Court of Appeals, KELLY, P.J., and HOOD and DOCTOROFF, JJ., affirmed. 251 Mich App 570 (2002). The Supreme Court, in lieu of granting leave to appeal, partially vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals, directing the Court to consider the defendants' argument that the period of limitations was not tolled by the filing of the plaintiffs' defective affidavit of merit and that, for that reason, the defendants were entitled to dismissal with prejudice. 471 Mich 924 (2004).

On remand, the Court of Appeals *held*:

1. The decision of the circuit court to dismiss the case without prejudice must be reversed and the case remanded to that court for entry of an order dismissing the plaintiffs' action with prejudice. This result is required under *Geralds v Munson Healthcare,* 259 Mich App 225 (2003), and *Mouradian v Goldberg,* 256 Mich App 566 (2003), both of which expanded on *Scarsella v Pollak,* 461 Mich 547 (2000).

2. A majority of this panel believes that MCL 600.5856 does not require an affidavit of merit, filed with the complaint pursuant to MCL 600.2912d, to be ultimately found consistent with MCL 600.2912d in order to toll the period of limitations in a medical malpractice case, and that the effect of holdings of previous cases to the contrary need to be reviewed to properly interpret MCL 600.5856 and its tolling of that period of limitations. *Scarsella* and its progeny are not consistent with the clear and unambiguous language of MCL 600.5856, which tolls the period of limitations

after a case is initiated by a the filing of a complaint and its service. *Scarsella* held that the failure to file any affidavit of merit with the complaint is appropriately sanctioned by dismissal without prejudice, but the claim is still subject to the applicable period of limitations. *Scarsella* did not determine what would happen if a filed affidavit were later found to be nonconforming or grossly nonconforming. *Geralds* went beyond *Scarsella* and held that an affidavit of merit filed with the complaint, but later found to be defective, did not constitute an effective affidavit for the purpose of MCL 600.2912d and, therefore, the plaintiff had filed a complaint without an affidavit of merit sufficient to commence a medical malpractice action, so the period of limitations had not been tolled. There is no statutory basis to conclude that the filing of a complaint with a defective affidavit, grossly nonconforming or otherwise, does not toll the period of limitations. An affidavit of merit filed with a complaint, albeit nonconforming or grossly nonconforming, remains an affidavit filed with the complaint. In this case, the period of limitations should have been tolled because a plain reading of the statute indicates that filing only the complaint, along with serving the summons and complaint, tolls the limitations period, and if a court subsequently determines that the accompanying affidavit is defective, there would be a dismissal, which would end any tolling at that time.

Reversed and remanded for entry of an order dismissing the plaintiffs' action with prejudice.

KELLY, P.J., concurred in the result only.

*Mark Granzotto, P.C.* (by *Mark Granzotto*), and *Sheldon D. Erlich* for the plaintiffs.

*Siemion, Huckabay, Bodary, Padilla, Morganti & Bowerman, P.C.* (by *Raymond W. Morganti*), for Choon Soo Rim, M.D.; and Rim and Sol, M.D., P.C.

*Saurbier, Siegan & Sanfield, P.C.* (by *Renée S. Siegan* and *Valerie Henning Mock*), for Raina M. Ernstoff, M.D.; and Raina M. Ernstoff, M.D., P.C.

ON REMAND

Before: KELLY, P.J., and MURPHY and CAVANAGH, JJ.

MURPHY, J. We reverse on remand in this medical malpractice action on the basis of *Scarsella v Pollak*, 461 Mich 547; 607 NW2d 711 (2000), and its progeny *Geralds v Munson Healthcare*, 259 Mich App 225; 673 NW2d 792 (2003), and *Mouradian v Goldberg*, 256 Mich App 566; 664 NW2d 805 (2003). However, we respectfully voice our belief that *Scarsella* is inconsistent with the clear and unambiguous language of MCL 600.5856(a), to encourage the Supreme Court to reexamine its holding or consider how its holding is being applied, and that *Geralds*, if not contrary to *Scarsella*, goes far beyond the realm contemplated in *Scarsella*.

The factual background of this case is set forth in our original opinion, in which we affirmed the trial court's order dismissing plaintiffs' medical malpractice action without prejudice in light of the fact that plaintiffs' affidavit of merit was executed by a board-certified neurosurgeon, rather than a board-certified neurologist, as were defendants. 251 Mich App 570; 651 NW2d 80 (2002).[1] The Michigan Supreme Court remanded, directing us to consider "defendants' argument that the statute of limitations was not tolled by the filing of the plaintiffs' defective affidavit of merit and that, as a

---

[1] The original panel in *Kirkaldy* consisted of Judges K.F. KELLY, HAROLD HOOD (retired), and MARTIN M. DOCTOROFF (deceased). Judges CAVANAGH and MURPHY have been appointed to replace Judges HOOD and DOCTOROFF on the panel in order to rule on the case on remand from our Supreme Court. In 251 Mich App at 577-579, the panel rejected plaintiffs' argument, made pursuant to MCL 600.2912d(1), that counsel reasonably believed that the neurosurgeon's affidavit of merit met the requirements for an expert witness under MCL 600.2169. Hence, the Court was left with a defective or nonconforming affidavit. The panel concluded that "the trial court correctly determined that the proper sanction for plaintiffs' nonconforming affidavit of merit was dismissal without prejudice." 251 Mich App at 585. The law of the case doctrine prevents us from revisiting that ruling. See generally *Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001).

result, they are entitled to dismissal with prejudice. MCR 7.302(G)(1). See [*Geralds, supra*]." 471 Mich 924 (2004).

MCL 600.2912d(1) provides that, in medical malpractice actions, a plaintiff or the plaintiff's attorney "shall file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under [MCL 600.2169]." Subsection 1 of § 2912d further provides:

> [T]he affidavit of merit shall certify that the health professional has reviewed the notice and all medical records supplied to him or her by the plaintiff's attorney concerning the allegations contained in the notice and shall contain a statement of each of the following:
>
> (a) The applicable standard of practice or care.
>
> (b) The health professional's opinion that the applicable standard of practice or care was breached by the health professional or health facility receiving the notice.
>
> (c) The actions that should have been taken or omitted by the health professional or health facility in order to have complied with the applicable standard of practice or care.
>
> (d) The manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice.

The appropriate remedy for failure to comply with § 2912d is dismissal without prejudice. *Scarsella, supra* at 551-552. "However, such a plaintiff still must comply with the applicable period of limitation." *Id.* at 552. The Legislature has provided that the period of limitations is tolled "[a]t the time the complaint is filed and a copy of the summons and complaint are served on the defendant . . . ." MCL 600.5856(a).

In *Scarsella*, the plaintiff failed to file any affidavit of merit with his complaint. Although the complaint was

filed within the applicable period of limitations, the limitations period eventually expired with no affidavit of merit forthcoming. Our Supreme Court adopted, in its entirety, the opinion of this Court[2] in that case, which included the determination of law " 'that, for statute of limitations purposes in a medical malpractice case, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit.' " *Scarsella, supra* at 549 (citations omitted). Relying on the mandatory language of MCL 600.2912d, and taking into consideration MCL 600.5856, the Supreme Court, again quoting this Court's opinion, held that, because the filing of the complaint without the required affidavit was insufficient to initiate the plaintiff's malpractice action, there was no tolling of the limitations period. *Scarsella, supra* at 550 (citation omitted).

The Supreme Court in *Scarsella* then added its own points of clarification, stating that a medical malpractice complaint filed without the required affidavit is subject to dismissal without prejudice, but the plaintiff must still comply with the statute of limitations. *Id.* at 551-552. The Court noted:

> Today, we address only the situation in which a medical malpractice plaintiff wholly omits to file the affidavit required by MCL 600.2912d(1) . . . . In such an instance, the filing of the complaint is ineffective, and does not work a tolling of the applicable period of limitation. *This holding does not extend to a situation in which a court subsequently determines that a timely filed affidavit is inadequate or defective.* [*Scarsella, supra* at 553 (emphasis added).]

The Supreme Court stated in a footnote to the above-quoted language, "We do not decide today how well the affidavit must be framed. Whether a timely

---

[2] 232 Mich App 61; 591 NW2d 257 (1998).

filed affidavit that is grossly nonconforming to the statute tolls the statute is a question we save for later decisional development." *Id.* at 553 n 7 (emphasis deleted). The Court's holding that the decision did not extend to situations in which a court subsequently finds that a timely filed affidavit is inadequate or defective, when considered with the additional footnote language, suggests that the Supreme Court would find that a nonconforming affidavit of merit deemed not to be "grossly" nonconforming would indeed toll the period of limitations. This is an arguable and reasonable inter-pretation of the *Scarsella* ruling. On the other hand, it is also arguable and reasonable to conclude that the Court was declining to take a position one way or another regarding the filing of defective affidavits in general.

Although the *Scarsella* decision is now five years old, it has formed the basis for the dismissal of more recently decided actions predicated on failure to file an affidavit of merit, as was the situation in *Scarsella,* see, e.g., *Young v Sellers,* 254 Mich App 447; 657 NW2d 555 (2002), and failure to file statutorily compliant affidavits as in *Geralds*, which goes beyond the holding in *Scarsella.* We believe that the Supreme Court should reexamine the holding in *Scarsella* when given the opportunity, if not to question whether the deci-sion was consistent with well-established principles of statutory construction, then to determine whether it was proper for this Court to extend the holding to cases in which an affidavit of merit, ultimately found to be nonconforming, was actually filed with the complaint.

In *Roberts v Mecosta Co Gen Hosp,* 466 Mich 57, 63; 642 NW2d 663 (2002), the Michigan Supreme Court noted the following principles of statutory construction:

> An anchoring rule of jurisprudence, and the foremost rule of statutory construction, is that courts are to effect the intent of the Legislature. To do so, we begin with an examination of the language of the statute. If the statute's language is clear and unambiguous, then we assume that the Legislature intended its plain meaning and the statute is enforced as written. *A necessary corollary of these principles is that a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself.* [Citations omitted; emphasis added.]

Our Supreme Court has reiterated clearly and often that the courts of this state may read nothing into an unambiguous statute. See, e.g., *Halloran v Bhan,* 470 Mich 572, 577; 683 NW2d 129 (2004); *Neal v Wilkes,* 470 Mich 661, 670 n 13; 685 NW2d 648 (2004) ("Plaintiff . . . is adding words to the act that simply are not there."); *People v Phillips,* 469 Mich 390, 395; 666 NW2d 657 (2003); *People v Davis,* 468 Mich 77, 79; 658 NW2d 800 (2003); *State Farm Fire & Cas Co v Old Republic Ins Co,* 466 Mich 142, 146; 644 NW2d 714 (2002) ("Because the proper role of the judiciary is to interpret and not to write the law, courts do not have authority to venture beyond the unambiguous text of a statute."); *Pohutski v City of Allen Park,* 465 Mich 675, 683; 641 NW2d 219 (2002) (an unambiguous statute must be enforced as written); *Omne Financial, Inc v Shacks, Inc,* 460 Mich 305, 311-312; 596 NW2d 591 (1999) (courts may not speculate regarding legislative intent beyond the plain meaning of a statute).

Once again, MCL 600.5856(a) provides that periods of limitations are tolled "[a]t the time the complaint is filed, if a copy of the summons and complaint are served on the defendant . . . ." There is no language providing that a limitations period is tolled only when a complaint *and an affidavit of merit* are filed.

The *Scarsella* Court maintained that to hold otherwise would undo the Legislature's clear statement that an affidavit of merit "shall" be filed with the complaint as indicated in MCL 600.2912d(1). *Scarsella, supra* at 552. While § 2912d may be a clear statement that an affidavit is required to maintain a medical malpractice action or else the action will be subject to dismissal, tolling is a separate and independent issue of law that the Legislature addressed in MCL 600.5856. Of significance, we note that § 5856(d), now § 5856(c), was added pursuant to the Legislature's amendment of the statute in 1993, and it references and incorporates MCL 600.2912b into the tolling provisions. 1993 PA 78. MCL 600.2912b requires a notice of intent to be provided to a health professional or health facility before the commencement of a medical malpractice action. This requirement was also enacted in 1993. 1993 PA 78. The Legislature, while also amending § 2912d in 1993, chose not to amend § 5856(a). 1993 PA 78. Clearly, the Legislature was aware that amendments and enactments of statutes regarding medical malpractice actions could affect the tolling statute in light of the addition of § 5856(d), yet, either through a lack of support or no attempt, it left § 5856(a) intact. The application of statutory construction principles would appear to call for a holding contrary to that issued in *Scarsella*.

In *Mouradian,* a panel of this Court decided the issue expressly reserved by our Supreme Court in *Scarsella,* i.e., whether a grossly nonconforming affidavit of merit tolls the period of limitations. This Court found that, although the plaintiffs filed a sworn affidavit of merit, the affidavit failed to contain the requisite statements under MCL 600.2912d concerning claims of alleged malpractice relative to the defendants at issue as opposed to other defendants in the case. *Mouradian, supra* at 573-574. The *Mouradian* panel determined

that, because of the nature of the deficiency, the affidavit was grossly nonconforming and thus did not "constitute an affidavit of merit within the meaning of the statute[.]" *Id.* at 574. The Court further ruled:

> Thus, as a matter of law, plaintiffs' complaint against defendants . . . was not commenced because of their failure to file an affidavit of merit before the period of limitations expired on December 11, 2000, and summary disposition is appropriate. . . .
>
> Although plaintiffs in this case filed a sworn affidavit, the affidavit does not address the merit of any claims against defendants. Thus, the affidavit cannot be said to be an affidavit sufficient within the meaning of MCL 600.2912d(1) to certify the merit of any claims against defendants for the . . . surgery. Furthermore, because the affidavit does not certify the merit of claims against defendants . . ., its filing does not fulfill the goal of MCL 600.2912d to prevent frivolous medical-malpractice actions. *Dorris v Detroit Osteopathic Hosp Corp,* 460 Mich 26, 47; 594 NW2d 455 (1999). [*Mouradian, supra* at 574-575.]

In *Geralds, supra* at 233-234, this Court found that the affidavit of merit, which had been filed with the complaint, was defective because it was not signed by a doctor who was board-certified in the same specialty as the doctor who allegedly committed malpractice. The *Geralds* panel ruled:

> Semantics aside, whether the adjective used is "defective" or "grossly nonconforming" or "inadequate," in the case at bar, plaintiff's affidavit did not meet the standards contained in MCL 600.2912d(1) and failed to meet the express language of MCL 600.2169(1) because the affiant was a doctor with a different board certification than third-party defendant's board certification.
>
> We hold that plaintiff's affidavit was defective and did not constitute an effective affidavit for the purpose of MCL 600.2912d(1) and, therefore, plaintiff filed a complaint

without an affidavit of merit sufficient to commence a medical malpractice action. [*Geralds, supra* at 240 (citations omitted).]

Any wall between nonconforming affidavits and grossly nonconforming affidavits that may have existed before *Geralds* was thus effectively razed.[3] As mentioned, *Scarsella* can be read to suggest that the filing of "simple" nonconforming affidavits works to toll the limitations period. Furthermore, assuming that the *Scarsella* Court was declining to address simple nonconforming affidavits, as well as grossly nonconforming affidavits, it clearly drew a distinction between these two levels of nonconformity. *Scarsella, supra* at 553 n 7. This Court in *Geralds* eliminated the distinction. Under the analysis in *Scarsella,* it is certainly arguable that the filing of even a grossly nonconforming affidavit of merit tolls the period of limitations because the focus of the ruling was on the mandatory nature of § 2912d that calls for an affidavit to be filed with the complaint. *Scarsella, supra* at 552. An affidavit of merit filed with a complaint, albeit a grossly nonconforming affidavit, nonetheless remains an affidavit filed with the complaint. This proposition is, of course, also true relative to defective affidavits that are not deemed grossly nonconforming; a complaint and an affidavit were filed. Accordingly, in our opinion, the holding in *Scarsella* does not necessarily support the holdings in *Mouradian* and *Geralds.* Moreover, there is no statutory basis to conclude that the filing of a complaint with a "defec-

---

[3] We note that *Scarsella* suggested that, with respect to grossly nonconforming affidavits, the focus is on the content or substance of the affidavit. *Scarsella, supra* at 553 n 7. *Geralds*, although not addressing a defect in regard to the substance of the affidavit, nonetheless eliminated any distinctions between nonconforming and grossly nonconforming affidavits in general.

tive" affidavit, grossly nonconforming or otherwise, does not toll the period of limitations.

As we see it, the problem that arises out of the dismissal of actions on the basis of the statute of limitations, where an affidavit of merit was in fact filed with the complaint, is that the determination of nonconformity, whatever its description, is made in hindsight by a court that is rendering a ruling subsequent to the filing. Thus, there would be retroactive application of a decision finding an affidavit to be nonconforming because the time between the filing of the action and the court's ruling, which facially appeared to toll the limitation period, is no longer considered a tolling period. This is especially harsh where there exists a genuine, good-faith dispute regarding the sufficiency of the affidavit or where there is a relatively minor or inconsequential defect. The more sound approach would be that, where there is a dispute regarding whether the timely filed affidavit is in compliance with the statute, the limitations period is tolled until such time as a court renders a ruling that the affidavit is defective or nonconforming, which would result in a dismissal without prejudice. Although not directly spelled out by § 5856(a), this approach would be consistent with § 5856(a), because a plain reading of the statute indicates that filing only the complaint, along with serving the summons and complaint, tolls the limitations period, and if a court subsequently determines that the accompanying affidavit is defective, there would be a dismissal, which would end any tolling.

In sum, without regard to whether the defective affidavit here constituted a grossly nonconforming affidavit of merit, *Geralds* and *Mouradian*, with their underlying reliance on *Scarsella*, dictate dismissal with prejudice. Accordingly, we reverse and remand for entry

of an order of dismissal with prejudice. Additionally, we respectfully ask our Supreme Court to reexamine *Scarsella,* or to scrutinize the cases from this Court that expanded on *Scarsella,* when given the opportunity to do so.

Reversed and remanded for entry of an order dismissing plaintiffs' action with prejudice. We do not retain jurisdiction.

CAVANAGH, J., concurred.

KELLY, P.J. I concur in the result only.