WATTS v CANADY

Docket No. 230616. Submitted October 1, 2002, at Detroit. Decided October 22, 2002, at 9:00 A.M. Leave to appeal sought.

Robbin Watts, individually and as conservator of the estate of William A. Watts, III, a minor, and William Watts, Jr., brought an action in the Wayne Circuit Court against Alexa I. Canady, M.D., and others, seeking damages resulting from alleged medical malpractice during the defendants' treatment of William A. Watts, III. The court, John A. Murphy, J., denied the defendants' motion for summary disposition that alleged that the affidavit of merit submitted with the complaint was deficient because the affiant, Donald C. Austin, M.D., a board-certified neurosurgeon, was not qualified since he was not board certified in the same specialty as Dr. Canady, pediatric neurosurgery. The defendants appealed by leave granted.

The Court of Appeals *held*:

An affidavit of merit that pursuant to MCL 600.2912d(1) must be filed with the complaint in a medical malpractice action must be signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness stated in MCL 600.2169; an affidavit is sufficient under MCL 600.2912d(1) where the plaintiff's attorney reasonably, albeit mistakenly, believes that the health professional meets the requirements for an expert stated in MCL 600.2169.

Affirmed.

ACTIONS — MEDICAL MALPRACTICE — AFFIDAVITS OF MERIT — EXPERT WITNESSES.

An affidavit of merit that must be filed with the complaint in a medical malpractice action is sufficient if it is signed by a health professional, who the plaintiff's attorney reasonably believes meets the statutory requirements for an expert witness; the affidavit is also sufficient where the plaintiff's attorney reasonably believes, albeit mistakenly, that the affiant meets the statutory requirements for an expert witness (MCL 600.2169, 600.2912d[1]).

*Byron E. Siegel, P.C.* (by *Byron E. Siegel* and *Ronald A. Molter*), for the plaintiffs.

*Willmarth, Tanoury, Ramar, Corbet, Garves & Shaw* (by *Linda M. Garbarino*) for the defendants.

Before: MURPHY, P.J., and MARKEY and R.S. GRIBBS*, JJ.

PER CURIAM. Defendants appeal by leave granted an October 10, 2000, trial court order denying their motion for summary disposition in this medical malpractice action. Defendants argued that the affidavit of merit submitted with the complaint was deficient because the affiant, Dr. Donald C. Austin, was not qualified under MCL 600.2169 as required by MCL 600.2912d(1). The trial court disagreed and denied the motion. This Court granted defendants' application for leave to appeal. We affirm.

Defendants raised two challenges to Dr. Austin's qualifications under MCL 600.2169. First, defendants argued that Dr. Austin, a board-certified neurosurgeon, was not qualified because he was not board certified in the same specialty, pediatric neurosurgery, as defendant Dr. Alexa I. Canady. MCL 600.2169(1)(a). Second, defendants argued that Dr. Austin was not qualified because, during the year preceding the incident, he did not devote a majority of his professional time to either active clinical practice or instruction in that speciality. MCL 600.2169(1)(b). Defendants relied on an excerpt from Dr. Austin's deposition in an unrelated case in which he was asked about the time he spent in medico-legal review.

In response to· defendants' motion, plaintiffs argued that MCL 600.2912d requires that the affidavit be

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

signed by a health professional who the plaintiffs' attorney reasonably believes meets the requirements for an expert witness under MCL 600.2169. Plaintiffs argued that Dr. Austin met the requirements and submitted a second affidavit by Dr. Austin along with his curriculum vitae. Plaintiffs asserted that according to Dr. Austin's affidavit, pediatric neurosurgery is "merely a sub-specialty within general neurosurgery." Dr. Austin's affidavit further averred: "During the time frame of 1997-1998, a substantial portion of my time, greater than 50%, was devoted towards clinical teaching of neurosurgery . . . ."

The trial court disagreed with defendants' contention that plaintiffs were required to obtain a pediatric neurosurgeon for their expert:

> We disagree with Defendant's contention that the expert here should not be just a neurosurgeon but a pediatric neurosurgeon. Defendant has produced nothing to show how performing the shunt procedure here at issue is different in children than in adults, much less shown that any such differences mean that Dr. Austin is unqualified to render an expert opinion. Dr. Austin has stated that he is familiar with the procedure. This would appear to be enough to engender "reasonabl[e] belie[f]" in the plaintiff that the right specialist has been found, especially as the statute uses the word "specialist," not "sub-specialist."
>
> Perhaps the use of the word "specialty" in [MCL] 600.2169 could be better defined. But we presume that the Legislature was familiar with the term "sub-specialty" when it enacted the provision, and the Legislature chose to use "specialty," not "sub-specialty." We see no grounds for imposing a sub-specialty requirement when the Legislature has spoken in terms of a specialty requirement. We note that while the line between a specialty and a sub-specialty may appear to be fuzzy, the terms can be defined precisely according to the standards set forth by the AMA. [Citation omitted.]

The court also disagreed with defendants' contention that Dr. Austin was not qualified because he did not spend a majority of his professional time in active clinical practice and instruction. The court rejected defendants' view that Dr. Austin's affidavit in which he indicated that he spent more than fifty percent of his time in teaching contradicted his deposition testimony in a different, prior case.

The issue in this case is not whether Dr. Austin meets the requirements of MCL 600.2169 to testify as an expert against Dr. Canady at trial. Rather, the issue presented by defendants' motion for summary disposition concerned the affidavit of merit, which is governed by MCL 600.2912d(1), which provides in relevant part:

> Subject to subsection (2),[1] the plaintiff in an action alleging medical malpractice or, if the plaintiff is represented by an attorney, the plaintiff's attorney shall file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under section 2169.

We agree with the trial court that the circumstances were adequate to engender in plaintiffs' attorney a reasonable belief that Dr. Austin was qualified under § 2169. Any opinion regarding whether Dr. Austin is qualified under § 2169 is premature at this stage of the proceedings and not at issue. We note, however, that the Legislature set a lower threshold for evaluating the adequacy of an affidavit of merit. An affidavit is sufficient if counsel reasonably, albeit mistakenly, believed that the affiant was qualified under

---

[1] Subsection 2912d(2) concerns an extension for filing the affidavit of merit and is not pertinent in this case.

MCL 600.2169. See *Decker v Flood*, 248 Mich App 75, 86-87; 638 NW2d 163 (2001) (NEFF, P.J., concurring).
  We affirm.