GERALDS v MUNSON HEALTHCARE

Docket No. 240159. Submitted October 6, 2003, at Marquette. Decided
October 28, 2003, at 9:05 A.M. Leave to appeal sought.

Andrew Geralds, a minor, brought an action through his next friend,
Gregory Geralds, in the Grand Traverse Circuit Court against Munson Healthcare, which, in turn, brought a third-party action against
Robert Swetnam, D.O., relating to alleged malpractice in the emergency treatment of a laceration of the plaintiff's foot. The circuit
court, Philip E. Rogers, Jr., granted summary disposition for the
defendant on the basis that the affidavit of merit, required to be
filed with the complaint by MCL 600.2912d(1), was inadequate
because it was not signed by an expert witness who was a board
certified specialist in emergency medicine, but was offered against
Dr. Swetnam who was a board certified specialist in emergency
medicine, MCL 600.2169(1)(a), and dismissed the case with
prejudice because the period of limitations had expired. The plaintiff appealed, arguing that his attorney had a reasonable belief of
the board certification of the expert and that the dismissal should
have been without prejudice.

The Court of Appeals held:

1. MCL 600.2912d allows the required affidavit of merit to be
filed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under
MCL 600.2169. The plaintiff's attorney could not have formed a reasonable belief that his expert witness was board certified on the
bases of a recommendation by another doctor who believed the
expert was board certified and the fact that the expert was the former president of the American Board of Emergency Medicine. The
attorney had not asked the expert about board certification and
had failed to examine the expert's curriculum vitae, which contained no mention of board certification.

2. The circuit court's analysis of the extent of the plaintiff's counsel's inquiry of the expert was not to establish whether counsel had
committed legal malpractice, but to determine the reasonableness
of the plaintiff's counsel's belief of the expert's board certification
in emergency medicine. The record does not support plaintiff's

claim that the circuit court made a determination regarding whether counsel had committed legal malpractice.

3. Because the expert was not board certified in emergency medicine, there was no genuine dispute that the affidavit of merit attached to the plaintiff's complaint did not comply with the requirements of MCL 600.2912d(1), and because the period of limitations had run, judgment for the defendants as a matter of law, through dismissal with prejudice, was appropriate.

Affirmed.

NEGLIGENCE — MEDICAL MALPRACTICE — EXPERT WITNESS — QUALIFICATIONS — REASONABLE BELIEF.

In a medical malpractice case, an attorney has an obligation to inquire of a health professional with regard to the professional's qualifications to sign the affidavit of merit that must be filed with the complaint, because without such an inquiry the attorney cannot reasonably believe that the health professional is qualified as an expert witness who can sign the affidavit of merit (MCL 600.2169[1][a], 600.2912[1]; MCR 2.112[L]).

*William R. Seikaly* for Andrew Geralds.

*Johnson & Wyngaarden, P.C.* (by *David R. Johnson* and *Michael L. Van Erp*), for Munson Healthcare.

*Law Offices of Thomas J. Trenta, P.L.L.C.* (by *Thomas J. Trenta* and *Nicolette S. Zachary*), for Robert Swetnam, D.O.

Before: METER, P.J., and SAAD and SCHUETTE, JJ.

SCHUETTE, J. Plaintiff Andrew Geralds, by his next friend Gregory Geralds, appeals as of right from a trial court's order striking plaintiff's affidavit of merit, granting summary disposition in favor of defendant, and dismissing with prejudice plaintiff's malpractice complaint. We affirm.

I. FACTS

On December 21, 2000, plaintiff's counsel filed a complaint against defendant Munson Healthcare alleging that on August 21, 1997, defendant's agent, Robert Swetnam, D.O., who was board certified in emergency medicine, committed malpractice in the treatment of a laceration to plaintiff's left foot. The complaint was accompanied by an affidavit of merit signed by Dr. George Podgorny.

On September 13, 2001, defendant moved to strike plaintiff's affidavit of merit on the grounds that it did not comply with MCL 600.2912d and MCL 600.2169 because Podgorny was not board certified in emergency medicine. In a medical malpractice action, MCL 600.2169 requires the affidavit of merit and to be signed by a physician with the same board certification as the physician the affidavit is offered against. Defendant asserted that because the affidavit of merit was defective, it was insufficient to commence the lawsuit, the statute of limitations was not tolled, and defendant was entitled to summary disposition pursuant to MCR 2.116(C)(7) and (10). Defendant asked the court to dismiss plaintiff's complaint with prejudice.

On November 19, 2001, the trial court held a hearing on defendant's motion to strike Podgorny's affidavit of merit and for summary disposition. At the hearing, defense counsel argued that the trial court should strike plaintiff's affidavit of merit because Swetnam was board certified in emergency medicine, while Podgorny, who signed the affidavit, was not. Plaintiff's counsel asserted that William Seikaly, the attorney who signed plaintiff's complaint, initially spoke with Dr. Ronald Krome about preparing and signing an affidavit to attach to plaintiff's complaint, but that

Krome, who was board certified in emergency medicine, knew Swetnam and was therefore unable to serve as the expert.

According to plaintiff's counsel, Seikaly asked Krome if he could recommend another doctor, and Krome recommended Podgorny and specifically stated that Podgorny was board certified in emergency medicine. In addition, plaintiff's counsel asserted that when Seikaly spoke with Podgorny, he allegedly stated, "I understand you're the past President of the Board of Emergency Medicine and I need a specialist in emergency medicine," and Podgorny responded affirmatively.

Krome submitted an affidavit in which he asserted that he recommended Podgorny to Seikaly and that when Seikaly inquired whether Podgorny was board certified, "I indicated to him that not only was he board certified, but he was a former President of the American Board of Emergency Medicine."

Seikaly explained in an affidavit the basis for his belief that Podgorny was board certified in emergency medicine. According to Seikaly, he believed that Podgorny was board certified in emergency medicine on the basis of Podgorny's status as a physician/president of the organization and the representations made by Krome. Seikaly further stated in the affidavit that he had never seen a case where a physician who was an officer of a specialty board, was not certified by that board. Seikaly further pointed to the fact that the board's website indicates that a physician must be certified in order to be an examiner for the board, and that Podgorny's curriculum vitae indicates that he was a chief examiner for both the written and oral examinations. Thus, Seikaly asserted that his belief of Podgorny's certification was reasonable

under MCL 600.2169 and MCL 600.2912d. Podgorny's curriculum vitae does not, however, indicate that he is board certified in emergency medicine.

The trial court observed that Podgorny was "obviously . . . skilled and competent." However, the trial court was concerned that Seikaly had not specifically asked Podgorny if he were board certified in emergency medicine. The court reasoned that there is an obligation to confirm, before retaining an expert on any given case, whether that expert is, in fact, board certified, maintains the requisite clinical practice, and was board certified at the appropriate time in order to offer opinions in a case. The court did not accept the argument that one can simply reasonably rely upon referrals or the fact that a person may be on a particular board. The trial court held that plaintiff's counsel's belief that Podgorny was board certified in emergency medicine was not reasonable because the core question of board certification in emergency medicine was never asked.

On December 6, 2001, the court entered an order striking plaintiff's affidavit of merit and granting defendant's motion for summary disposition. The trial court dismissed plaintiff's complaint with prejudice. On February 26, 2002, the trial court denied plaintiff's motion for rehearing. This appeal ensued.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's grant or denial of summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998).

In determining whether a party is entitled to judgment as a matter of law pursuant to MCR 2.116(C)(7),

"a court must accept as true a plaintiff's well-pleaded factual allegations, affidavits, or other documentary evidence and construe them in the plaintiff's favor." *Farm Bureau Mut Ins Co v Combustion Research Corp*, 255 Mich App 715, 720; 662 NW2d 439 (2003). "Where there are no factual disputes and reasonable minds cannot differ on the legal effect of the facts, the decision regarding whether a plaintiff's claim is barred by the statute of limitations is a question of law that this Court reviews de novo." *Id.*

"A motion brought under MCR 2.116(C)(10) tests the factual support for [a] claim." *Downey v Charlevoix Co Bd of Co Rd Comm'rs*, 227 Mich App 621, 625; 576 NW2d 712 (1998). "The pleadings, affidavits, depositions, admissions, and any other documentary evidence submitted by the parties must be considered by the court when ruling on a motion brought under MCR 2.116(C)(10)." *Downey, supra* at 626; MCR 2.116(G)(5). When reviewing a decision on a motion for summary disposition under MCR 2.116(C)(10), this Court "must consider the documentary evidence presented to the trial court 'in the light most favorable to the nonmoving party.'" *DeBrow v Century 21 Great Lakes, Inc (After Remand)*, 463 Mich 534, 538-539; 620 NW2d 836 (2001), citing *Harts v Farmers Ins Exchange*, 461 Mich 1, 5; 597 NW2d 47 (1999).

### III. ANALYSIS

#### A. REASONABLE BELIEF

Plaintiff first argues that the trial court erred in granting defendant's motion for summary disposition because plaintiff's counsel reasonably believed that

Podgorny was board certified in emergency medicine and because MCL 600.2912d does not contain language that requires a medical malpractice plaintiff or its attorney to conduct any specific inquiry as a basis to form a reasonable belief regarding whether a physician is board certified in a particular specialty. We disagree.[1]

MCL 600.2912d(1) provides, in part, that "the plaintiff in an action alleging medical malpractice or, if the plaintiff is represented by an attorney, the plaintiff's attorney shall file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney *reasonably believes* meets the requirements for an expert witness under section 2169" (emphasis added). See also MCR 2.112(L). MCL 600.2169(1) provides:

(1) In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state and meets the following criteria:

(a) If the party against whom or on whose behalf the testimony is offered is a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty as the party against whom or on whose behalf the testimony is offered. *However, if the party against whom or on whose behalf the testimony is offered is a specialist*

---

[1] We note that currently there are two cases pending before our Supreme Court that may resolve this issue. On March 25, 2003, our Supreme Court granted leave to appeal in *Grossman v Brown*, 468 Mich 869 (2003), and *Halloran Estate v Bhan*, 468 Mich 868 (2003). On appeal, our Supreme Court will address the issue whether a standard of care expert is qualified under MCL 600.2169(1)(a) to present expert testimony against a defendant physician where the proffered witness does not possess the same board certification as the defendant physician. At the time of this opinion, the Supreme Court had not yet released opinions for the above noted cases.

*who is board certified, the expert witness must be a specialist who is board certified in that specialty.* [Emphasis added.]

Under MCL 600.2169(1)(a), then, if the party against whom testimony is offered is a board certified specialist, the expert witness must be board certified in the same specialty. Therefore, because Swetnam was board certified in emergency medicine, the affidavit of merit accompanying plaintiff's complaint was required to be signed by a physician who was also board certified in emergency medicine. Plaintiff does not dispute that Podgorny, who signed the affidavit of merit that accompanied plaintiff's medical malpractice complaint, was not board certified in emergency medicine. However, plaintiff contends that under the unique facts of this case, his belief that Podgorny was board certified in emergency medicine was reasonable as allowed by MCL 600.2912d(1). Plaintiff's belief that Podgorny was board certified was based on a recommendation by another doctor who believed Podgorny to be board certified and by the fact that Podgorny was the former president of the American Board of Emergency Medicine.

This Court has previously held that "[a]n affidavit is sufficient if counsel reasonably, *albeit mistakenly*, believed that the affiant was qualified under MCL 600.2169." *Watts v Canady*, 253 Mich App 468, 471-472; 655 NW2d 784 (2002) (emphasis added).[2]

In *Kirkaldy v Rim*, 251 Mich App 570, 579; 651 NW2d 80 (2002), this Court opined:

---

[2] The applications for leave to appeal are held in abeyance pending decisions in *Halloran, supra,* and *Grossman, supra.*

Even if we were to accept plaintiffs' questionable argument that *McDougall I* [*McDougall v Elink*, 218 Mich App 501; 554 NW2d 56 (1996)] invalidated the affiant requirements of MCL 600.2912d, it must be noted that in this case the Supreme Court granted leave to hear *McDougall II* before plaintiffs filed their complaint. Because the Supreme Court was reviewing the decision, plaintiffs were on notice that *McDougall I* could be reversed and MCL 600.2169 could be found constitutional. In addition, if the Supreme Court reversed *McDougall I*, it was likely that the Court's holding would be applied retroactively. It is a general rule that an appellate decision is given retroactive effect unless it overrules existing precedent or decides an issue of first impression that was not clearly foreshadowed. *Holmes* [*v Michigan Capital Medical Center*, 242 Mich App 703, 713; 620 NW2d 319 (2000)]. Here, it was entirely foreseeable that the Supreme Court would find the statute constitutional, and plaintiffs' assumption that they were safe in relying on the precedential value of *McDougall I* was unwarranted. Therefore, it was unreasonable for plaintiffs' attorney to assume that the holding of *McDougall I* would be good law throughout the pendency of this case, and the trial court did not err in determining that plaintiffs' affidavit of merit did not meet the requirements of MCL 600.2912d.

Similarly, in this case, plaintiff's attorney relied on assumptions to conclude that Podgorny was board certified. It is unreasonable for an attorney to form a belief regarding the board certification of a physician without asking the physician about his board certification. As skilled and experienced as plaintiff's attorneys appear to be, the failure to ask the four word question, "Are you board certified?" and the failure to examine Podgorny's curriculum vitae, which contains no mention of board certification in emergency medicine, were not reasonable under the circumstances. Thus, the trial court did not err in striking

the affidavit and granting defendant's motion for summary disposition.

### B. LEGAL MALPRACTICE STANDARD

Plaintiff argues that the trial court erred in analyzing whether plaintiff's counsel's belief that Podgorny was board certified in emergency medicine was unreasonable by using the standard for determining whether an attorney has committed legal malpractice. We disagree; plaintiff's argument is without merit and is not supported by the record.

Plaintiff does not cite the hearing transcript in support of his argument that the trial court incorrectly analyzed the reasonableness of plaintiff's counsel's belief that Podgorny was board certified, but we believe that plaintiff's argument is based at least in part on the following excerpts from the trial court record:

> So then we get back to, after recognizing that this physician could not sign an appropriate affidavit of merit, we come back then to Section 2912(D). Was there reasonable belief on the part of Plaintiff's Counsel that the doctor was, indeed, Board Certified? Whether a belief is reasonable or not is another way of stating did the—did Plaintiff's Counsel behave negligently or not? Did he follow his appropriate standard of care? If he followed the standard of care and still made an error, then his actions were, by definition, reasonable.
>
> Lawyers are not insurers on the results of their clients. Lawyers, like drivers, can behave reasonably and yet harm can still follow. . . . The standard of care is—is worded somewhat differently, but essentially goes to the same point: What does a lawyer of average skill or training do under the circumstances?

> Quite frankly, it is this Court's opinion that, if you are going to retain an expert witness, no matter how favorable the referral from a brother or sister lawyer, no matter how favorable the witness testified for you personally on a prior case where you may have retained his or her services, there is an obligation, a core standard of care obligation, to confirm, before you retain the expert in any given case, to determine whether or not that expert is, in fact, Board Certified, maintains the requisite clinical practice, was Board Certified at the appropriate time, in order to offer opinions for you in this case. These are questions which must be asked. This Court does not believe that you can simply reasonably rely upon referrals or the fact that a person may be on a particular board or not.

It is clear from the record that the trial court was asking questions about the extent of plaintiff's counsel's inquiry of Podgorny not to establish if plaintiff's counsel committed legal malpractice, but to determine the reasonableness of plaintiff's counsel's belief that Podgorny was board certified in emergency medicine under MCL 600.2912d(1). The record simply does not support plaintiff's claim that the trial court was making a determination regarding whether plaintiff's counsel had committed legal malpractice. Accordingly, plaintiff's claims are unsupported by the record.

### C. DISMISSAL WITH PREJUDICE

Plaintiff argues that the trial court erred in dismissing his complaint with prejudice. According to plaintiff, even if the period of limitations has run, he should be able to file a new affidavit signed by a physician certified in emergency medicine because his affidavit substantially complied with MCL 600.2912d(1). We disagree.

Generally, a civil action is commenced and the period of limitations is tolled when a complaint is filed. MCR 2.101(B); MCL 600.5856. However, to commence a medical malpractice action, a plaintiff must timely file both a complaint and an affidavit of merit. MCL 600.2912d(1); *Scarsella v Pollak*, 461 Mich 547, 549; 607 NW2d 711 (2000) *(Scarsella II)*. The limitations period for medical malpractice actions is two years. MCL 600.5805(6). However, under MCL 600.5851(7), "if, at the time a claim alleging medical malpractice accrues to a person under section 5838a the person has not reached his or her eighth birthday, a person shall not bring an action based on the claim unless the action is commenced on or before the person's tenth birthday or within the period of limitations set forth in section 5838a, whichever is later." We note that the parties agree that if plaintiff's complaint and defective affidavit were not sufficient to toll the period of limitations, then the period of limitations has expired. Moreover, at the conclusion of the hearing on defendant's motion to strike plaintiff's affidavit and for summary disposition, defense counsel informed the trial court that the parties had stipulated that the period of limitations had expired (plaintiff's counsel remained silent, but did not deny so stipulating), and the trial court then dismissed plaintiff's complaint with prejudice, stating, "If that's stipulated, then the case is dismissed with prejudice."

We must, then, address the issue of the appropriate sanction for plaintiff's filing of a defective affidavit. MCL 600.2912d does not provide any sanction for a plaintiff's failure to file an affidavit or a plaintiff's filing of a defective affidavit. Before 1993, MCL 600.2912d specifically provided sanctions for a plain-

tiff's failure to file an affidavit of merit, including dismissal of the complaint, 1986 PA 178, § 2912d(4); however, the 1993 revisions eliminated the reference to sanctions. *Kirkaldy, supra* at 583. In this case, however, plaintiff did not wholly neglect to file an affidavit. Rather, plaintiff filed a complaint that was accompanied by an affidavit as required by MCL 600.2912d(1); but the affidavit was defective because it was not signed by a doctor who was board certified in the same specialty as third-party defendant.

In *Scarsella II*, the Supreme Court held that when a medical malpractice plaintiff wholly omits to file the affidavit required by MCL 600.2912d(1), "the filing of the complaint is ineffective, and does not work a tolling of the applicable period of limitation." *Scarsella II, supra* at 553; see also *Young v Sellers*, 254 Mich App 447, 450; 657 NW2d 555 (2002). However, the Supreme Court specifically stated that its "holding does not extend to a situation in which a court subsequently determines that a timely filed affidavit is inadequate or defective," *Scarsella II, supra* at 553, and specifically reserved the issue "[w]hether a timely filed affidavit that is grossly nonconforming to the statute tolls the statute . . . ." *Id.* at 553 n 7.

In *Kirkaldy*, this Court noted that "we have yet to determine whether a timely filed affidavit of merit that does not conform to the requirements of MCL 600.2912d requires a sanction other than dismissal without prejudice." *Kirkaldy, supra* at 583. In *Kirkaldy*, the plaintiff filed a medical malpractice complaint and included an affidavit of merit that was signed by a doctor who was not board certified in the same specialty as the defendants. The defect in the affidavit in *Kirkaldy* was therefore identical to the

defect in the affidavit in this case. The trial court found that the affidavit did not comply with MCL 600.2912d, that it was as if the plaintiff had not filed any affidavit whatsoever and that the limitations period was not tolled. *Kirkaldy, supra* at 575-576. The trial court dismissed the plaintiff's claims with prejudice.

On appeal, this Court affirmed the trial court's dismissal of the plaintiff's complaint, but concluded that the proper sanction for the plaintiff's defective affidavit was dismissal without prejudice. In so holding, this Court stated:

> It is apparent from this review of the existing case law that we have yet to determine whether a timely filed affidavit of merit that does not conform to the requirements of MCL 600.2912d requires a sanction other than dismissal without prejudice. . . .
>
> Although we have not yet addressed the specific issue in this case, there is adequate guidance suggesting that the proper resolution would be dismissal without prejudice. As this Court noted in *VandenBerg* [*v VandenBerg*, 231 Mich App 497; 586 NW2d 570 (1998)], dismissal is a drastic sanction that should be taken cautiously, and the trial court should consider all available options before concluding that dismissal is just and proper. *Id.* at 502. If dismissal in general is a drastic sanction, then surely dismissal with prejudice is even more drastic because it would preclude a plaintiff from refiling the action at a later date. See *ABB Paint Finishing, Inc v Nat'l Union Fire Ins Co*, 223 Mich App 559, 562-563; 567 NW2d 456 (1997). We conclude that the sanction of dismissal with prejudice is not required here where the less drastic sanction of dismissal without prejudice is available. [*Kirkaldy, supra* at 583.]

In *Kirkaldy, supra* at 584, this Court declined to decide "whether filing an affidavit that does not comply with MCL 600.2912d tolls the limitation period"

because the issue was not raised in the defendants' statement of questions presented or raised by the plaintiffs in their cross-appeal. However, this Court suggested that a defective affidavit could still toll the period of limitations when it stated that the defendants' "argument presumes that the timely filing of a defective affidavit does not toll the limitation period, a position that is not supported by the existing case law." *Id.* at 584. Similarly, in *Holmes, supra* at 712 n 4, a separate panel of this Court stated, in obiter dictum, that "[t]he Supreme Court's language [in *Scarsella II*] seems to suggest its contemplation that an affidavit of merit failing to comply with the substantive requirements imposed by MCL 600.2912d(1)(a)-(d); MSA 27A.2912(4)(1)(a)-(d), when filed together with a complaint, might possibly be sufficient to commence a medical malpractice action."

In *Mouradian v Goldberg*, 256 Mich App 566, 573-574; 664 NW2d 805 (2003), a separate panel of this Court disagreed with the panel in *Holmes*, and "decline[d] to apply the *Holmes* dicta as binding precedent to this case," *Mouradian, supra* at 573 n 5, and held that a timely filed affidavit that was grossly nonconforming to the statute was insufficient to constitute an affidavit of merit within the meaning of the statute and insufficient to toll the period of limitations. This Court did not specifically define what types of defects constitute "grossly nonconforming" defects, but stated that "because the affidavit does not contain the requisite statements concerning claims of Dr. Goldberg's alleged malpractice in the second surgery, plaintiffs' affidavit is 'grossly nonconforming' with respect to this claim." *Id.* at 574.

Semantics aside, whether the adjective used is "defective" or "grossly nonconforming" or "inadequate," in the case at bar, plaintiff's affidavit did not meet the standards contained in MCL 600.2912d(1) and failed to meet the express language of MCL 600.2169(1) because the affiant was a doctor with a different board certification than third-party defendant's board certification.

We hold that plaintiff's affidavit was defective and did not constitute an effective affidavit for the purpose of MCL 600.2912d(1) and, therefore, plaintiff filed a complaint without an affidavit of merit sufficient to commence a medical malpractice action. *Scarsella II, supra* at 553; see also *Mouradian, supra* at 574 (finding that an unsworn affidavit was not a valid affidavit within MCL 600.2912d[1]). We find that because Podgorny was not board certified in emergency medicine, there was no genuine dispute that the affidavit of merit attached to plaintiff's complaint does not comply with the requirements of MCL 600.2912d(1) and that defendant was entitled to judgment as a matter of law. *Decker v Flood*, 248 Mich App 75, 83-84; 638 NW2d 163 (2001).

Affirmed.