NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0684n.06
Filed: August 9, 2005

No. 04-1341

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| HUN DAE LEE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOHN PUTZ, M.D., | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant, | ) | |
| | ) | |
| EDWARD W. SPARROW HOSPITAL | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

Before: MARTIN, COOK, and LAY,[*] Circuit Judges.

PER CURIAM. The recent *Apsey v. Mem. Hosp.,* –N.W.2d–, 2005 WL 1405823 (Mich. Ct. App. 2005), decision of the Michigan Court of Appeals resolves this appeal in favor of Plaintiff-Appellant, Hun Dae Lee. The *Apsey* court considered the same issue presented here—that is, whether the special certification required by Mich. Comp. Law § 600.2102(4) to authenticate the credentials of a sister-state notary public must accompany an affidavit of merit (required with any medical malpractice complaint) to initiate a valid medical malpractice action and toll the limitations period. *Id.*

---

[*]The Honorable Donald P. Lay, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

No. 04-1341
*Lee v. Putz*

Agreeing with, and even citing as persuasive authority, Chief District Court Judge Robert Holmes Bell's predictive conclusion, the *Apsey* court assessed the competing notarial statutes and generally concluded that the Michigan certification-of-notarial-authority provision pertains particularly to affidavits "officially received and considered, by the judiciary," including medical malpractice affidavits of merit. *Id*. From that premise the court reasoned that "the special certification is a necessary part of an affidavit submitted to the court to meet the requirement of MCL 600.2921d(1)." *Id*. Thus, absent the certification, the resulting, defective affidavit "fail[s] to support a medical malpractice complaint for purposes of tolling the period of limitations." *Id*. (citing *Geralds v. Munson Healthcare*, 673 N.W.2d 792, 800 (Mich. Ct. App. 2003)).

Where the *Apsey* court then differed with Chief Judge Bell was in its conclusion that fairness and justice require a prospective application of its decision on this "issue of first impression whose resolution was not clearly foreshadowed." *Id*. (internal quotations and citations omitted). *Apsey* thus permits non-compliant plaintiffs, whose cases were pending when *Apsey* issued, to file the proper certification. Because Lee falls in this category, the district court erroneously dismissed his case.

The case is reversed and remanded for proceedings consistent with this opinion.