**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

FILED JULY 11, 2007

MARY KIRKALDY and WILLIAM KIRKALDY,

    Plaintiffs-Appellants,

v                                      No. 129128

CHOON SOO RIM, M.D.; RIM & SOL, M.D.,
P.C.; RAINA M. ERNSTOFF, M.D.; and RAINA
M. ERNSTOFF, M.D., P.C.,

    Defendants-Appellees.

_____

BEFORE THE ENTIRE BENCH

MEMORANDUM OPINION.

The issue presented in this case concerns the proper disposition of a medical-malpractice lawsuit after a court determines that the plaintiff's affidavit of merit does not meet the requirements of MCL 600.2912d.[1] The Court of Appeals held that, because plaintiffs' affidavit of merit was determined to be defective, plaintiffs' claim must be dismissed with prejudice. *Kirkaldy v Rim (On Remand)*, 266 Mich App 626, 636-637; 702 NW2d 686 (2005). However, the majority of

---

[1] Plaintiff here filed an affidavit of merit that the circuit court later determined to be nonconforming with the requirements of MCL 600.2912d.

the panel indicated that it would not reach that result if it were not bound by *Mouradian v Goldberg*, 256 Mich App 566; 664 NW2d 805 (2003), and *Geralds v Munson Healthcare*, 259 Mich App 225; 673 NW2d 792 (2003).[2] This Court scheduled oral argument on plaintiffs' application for leave to appeal. 477 Mich 1063 (2007).[3] In lieu of granting leave to appeal, we reverse the Court of Appeals, and overrule *Geralds*, *supra*; *Mouradian*, *supra*; and their progeny. MCR 7.302(G)(1).

In *Geralds* and *Mouradian*, the Court of Appeals purported to rely on this Court's opinion in *Scarsella v Pollak*, 461 Mich 547; 607 NW2d 711 (2000), to hold that filing a defective affidavit of merit is the functional equivalent of failing to file an affidavit of merit for the purpose of tolling the period of limitations. Therefore, the Court held that a defective affidavit of merit does not toll the period of limitations under MCL 600.5856.[4] Because the issue presented in *Scarsella* is

---

[2] Judge Kelly concurred in the result only.

[3] The order directed the parties to address three issues: "(1) whether filing a medical malpractice complaint with a defective affidavit of merit can toll the statute of limitations; (2) whether a defect in an affidavit of merit filed with a medical malpractice complaint can be cured without refiling the complaint; and (3) whether *Geralds v Munson Healthcare*, 259 Mich App 225 (2003), was correctly decided." 477 Mich 1063 (2007).

[4] When this case was filed, MCL 600.5856 provided in part:

The statutes of limitations or repose are tolled:

(a) At the time the complaint is filed and a copy of the summons and complaint are served on the defendant.

2

distinct from the issues presented in *Mouradian* and *Geralds*, the Court of Appeals erred in extending *Scarsella*'s holding to these cases.[5]

*Scarsella* concerned the tolling effect of a medical-malpractice complaint filed *without* an affidavit of merit. This Court held that filing a medical-malpractice complaint without an affidavit of merit "is ineffective, and does not work a tolling of the applicable period of limitation." *Id*. at 553. However, in the very next sentence, this Court noted that "[t]his holding does not extend to a situation in which a court subsequently determines that a timely filed affidavit is inadequate or defective." *Id*. In a footnote to that sentence, this Court further stated that "[w]e do not decide today *how* well the affidavit must be framed. Whether a timely filed affidavit that is grossly nonconforming to the statute tolls the statute is a question we save for later decisional development." *Id*. at 553 n 7 (emphasis in *Scarsella*).

*Mouradian* was the first attempt by the Court of Appeals at that decisional development. The Court held that the affidavit of merit was "grossly nonconforming" because it did not contain all the statutorily required statements. Because the affidavit was deemed "grossly nonconforming," it was "insufficient to constitute an affidavit of merit within the meaning of the statute . . . ." *Mouradian*, *supra* at 574. The Court went on to hold that "as a matter of law, plaintiffs' complaint against defendants for the second surgery was not

---

[5] Nothing in this decision calls into question our decision in *Scarsella*.

commenced because of their failure to file an affidavit of merit before the period of limitations expired . . . ." *Id.* Thus, under *Mouradian*, filing a "grossly nonconforming" affidavit of merit, similar to failing to file any affidavit, does not toll the period of limitations under MCL 600.5856(a).

In *Geralds*, the Court of Appeals extended the *Mouradian* rule beyond a grossly nonconforming affidavit to *any* nonconforming affidavit. The *Geralds* panel held that

> whether the adjective used is "defective" or "grossly nonconforming" or "inadequate," in the case at bar, plaintiff's affidavit did not meet the standards contained in MCL 600.2912d(1) . . . . [P]laintiff's affidavit was defective and did not constitute an effective affidavit for the purpose of MCL 600.2912d(1) and, therefore, plaintiff filed a complaint without an affidavit of merit sufficient to commence a medical malpractice action. [*Geralds*, *supra* at 240.]

Although bound by *Geralds*, the panel in the present case criticized it as "especially harsh," inconsistent with *Scarsella*, and inconsistent with MCL 600.5856(a). *Kirkaldy (On Remand)*, *supra* at 635-636.

We agree that *Geralds* and *Mouradian* are inconsistent with *Scarsella* and MCL 600.5856(a). Under MCL 600.5856(a) and MCL 600.2912d, the period of limitations is tolled when a complaint and affidavit of merit are filed and served on the defendant. *Scarsella*, *supra* at 549. In this case, as in *Geralds* and *Mouradian*, plaintiff filed and served a complaint and affidavit of merit. Thus, the period of limitations was tolled on that date. Recently, this Court held that "when an affidavit is filed, it is presumed valid. It is only in subsequent judicial proceedings

4

that the presumption can be rebutted." *Saffian v Simmons*, 477 Mich 8, 13; 727 NW2d 132 (2007). Therefore, a complaint and affidavit of merit toll the period of limitations until the validity of the affidavit is successfully challenged in "subsequent judicial proceedings." Only a successful challenge will cause the affidavit to lose its presumption of validity and cause the period of limitations to resume running.

Thus, if the defendant believes that an affidavit is deficient, the defendant must challenge the affidavit. If that challenge is successful, the proper remedy is dismissal without prejudice. *Scarsella*, *supra* at 551-552. Plaintiff would then have whatever time remains in the period of limitations within which to file a complaint accompanied by a conforming affidavit of merit.

We reverse the Court of Appeals holding to the contrary and remand to the Wayne Circuit Court for further proceedings consistent with this opinion.

Clifford W. Taylor
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

5

S T A T E   O F   M I C H I G A N

SUPREME COURT

MARY KIRKALDY and WILLIAM
KIRKALDY,

       Plaintiffs-Appellants,

v                                No. 129128

CHOON SOO RIM, M.D.; RIM & SOL,
M.D., P.C.; RAINA M. ERNSTOFF, M.D.;
and RAINA M. ERNSTOFF, M.D., P.C.,

       Defendants-Appellees.

_____

CAVANAGH, J. (*concurring*).

      While I agree with the result reached by the majority, I disagree with the majority's formulation of its rule. Specifically, I believe that *Scarsella v Pollak*, 461 Mich 547; 607 NW2d 711 (2000), was incorrectly decided, so I cannot agree with the majority's statement, *ante* at 4, that under the statutes at issue, "the period of limitations is tolled when a complaint and affidavit of merit are filed and served on the defendant." Rather, I would hold that under the plain language of MCL 600.5856(a), the period of limitations is tolled when a complaint is filed, regardless of whether an affidavit of merit is filed with the complaint.

      MCL 600.5856 states, in relevant part:

      The statutes of limitations or repose are tolled in any of the following circumstances:

(a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.

Clearly, the Legislature did not instruct that the period of limitations for a medical malpractice action would be tolled only when a complaint and an affidavit of merit are filed.  In fact, as plaintiffs and their amici curiae point out, the Legislature considered and rejected a formulation of MCL 600.2912d that would have read, "If the complaint is not accompanied by the certificate required under this subsection, the complaint does not toll the statute of limitations as provided in § 5856(1) [sic]."  See SB 270 as introduced on January 28, 1993. Moreover, the Legislature amended MCL 600.5856 in the same public act used to enact the affidavit of merit requirement, 1993 PA 78, so it could have easily adjusted the language of MCL 600.5856(a) had it so desired.  It did neither.  This Court is not free to add language to a statute or to interpret a statute on the basis of this Court's own sense of how the statute should have been written.  Because the language of MCL 600.5856(a) is quite plain, I would hold that a period of limitations is tolled when a complaint is filed.  And under that rule, I would conclude that when plaintiffs filed their complaint in this matter, the period of limitations was tolled.

Michael F. Cavanagh

2

S T A T E  O F  M I C H I G A N

SUPREME COURT

MARY KIRKALDY and WILLIAM KIRKALDY,

    Plaintiffs-Appellants,

v                                  No. 129128

CHOON SOO RIM, M.D.; RIM & SOL, M.D.,
P.C.; RAINA M. ERNSTOFF, M.D.; and RAINA
M. ERNSTOFF, M.D., P.C.,

    Defendants-Appellees.

_____

KELLY, J. (*concurring*).

In *Scarsella v Pollak*,[1] this Court held that filing a medical-malpractice complaint without an affidavit of merit "is ineffective, and does not work a tolling of the applicable period of limitation."[2] I did not join the majority opinion. I dissented because I did not think that we should decide the issue without the benefit of full briefing and argument.[3] In this case, plaintiffs filed an affidavit of merit. Therefore, *Scarsella* is not controlling, and this case does not require us to determine whether *Scarsella* was correctly decided. Consequently, I join the result of the majority opinion.

---

[1] 461 Mich 547; 607 NW2d 711 (2000).

[2] *Id.* at 553, quoted *ante* at 3.

[3] *Scarsella,* 461 Mich at 554 (opinion by Cavanagh and Kelly, JJ.).

But I write separately to note my concern that the issue in *Scarsella* has never received a full hearing from this Court. As Justice Cavanagh points out in his concurrence, meritorious arguments exist indicating that the Court misread MCL 600.5856(a) seven years ago when it acted peremptorily in *Scarsella.* Whether the filing of a complaint without an affidavit of merit tolls the running of the statutory period of limitations should be again, and more thoroughly, considered by this Court.

Marilyn Kelly