# STATE OF MICHIGAN

# COURT OF APPEALS

RYAN LOHMANN,

        Plaintiff-Appellee,

UNPUBLISHED
February 17, 2015

v

No. 318530
Macomb Circuit Court
LC No. 2012-004782-NH

FAMILY DOCTOR,

        Defendant-Appellant.

Before: FORT HOOD, P.J., and JANSEN and GADOLA, JJ.

PER CURIAM.

Defendant, Family Doctor, appeals as of leave granted[1] an order denying defendant's motion to strike plaintiff's first affidavit of merit and an order granting plaintiff's motion to file an amended witness list, add a new expert witness, and file a new affidavit of merit. On appeal, defendant argues that the trial court erred in refusing to strike plaintiff's affidavit of merit and in allowing plaintiff to file a new affidavit of merit. We reverse and remand for proceedings consistent with this opinion.

This case arises from plaintiff's medical malpractice complaint against defendant, a medical facility in Clinton Township, Michigan. Plaintiff claims that defendant's agent committed malpractice while drawing plaintiff's blood, resulting in injuries to plaintiff. The issues on appeal relate to plaintiff's affidavit of merit, filed with plaintiff's complaint. During the lower court proceedings, it was revealed that plaintiff's expert witness, Ronhald Gregalit, was unqualified and that the affidavit of merit was premised on false statements. The trial court denied defendant's motion to strike plaintiff's affidavit of merit based on the false statements and allowed plaintiff to file a new affidavit of merit, which prompted defendant's current appeal.

Defendant first argues that the trial court erred in denying defendant's motion to strike plaintiff's affidavit of merit. We agree.

---

[1] *Lohmann v Family Doctor*, unpublished order of the Court of Appeals, entered April 28, 2014 (Docket No. 318530).

This Court reviews a trial court's decision on a motion to strike an affidavit of merit for an abuse of discretion. *Kalaj v Khan*, 295 Mich App 420, 425; 820 NW2d 223 (2012). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. Whether a plaintiff's affidavit of merit complied with the requirements of MCL 600.2912d is reviewed de novo as a question of law. *Lucas v Awaad*, 299 Mich App 345, 377; 830 NW2d 141 (2013). Questions of statutory interpretation are also reviewed de novo. *Ligons v Crittenton Hosp*, 490 Mich 61, 70; 803 NW2d 271 (2011).

Affidavits of merit are statutorily required in medical malpractice actions, pursuant to MCL 600.2912d(1), which requires the following:

> [T]he plaintiff in an action alleging medical malpractice or, if the plaintiff is represented by an attorney, the plaintiff's attorney shall file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under section 2169.

MCL 600.2169 provides the criteria for a qualified expert witness. MCL 600.2169 provides in relevant part:

> (a) If the party against whom or on whose behalf the testimony is offered is a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty as the party against whom or on whose behalf the testimony is offered. However, if the party against whom or on whose behalf the testimony is offered is a specialist who is board certified, the expert witness must be a specialist who is board certified in that specialty.

> (b) Subject to subdivision (c), during the year immediately preceding the date of the occurrence that is the basis for the claim or action, devoted a majority of his or her professional time to either or both of the following:

> (*i*) The active clinical practice of the same health profession in which the party against whom or on whose behalf the testimony is offered is licensed and, if that party is a specialist, the active clinical practice of that specialty.

> (*ii*) The instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession in which the party against whom or on whose behalf the testimony is offered is licensed and, if that party is a specialist, an accredited health professional school or accredited residency or clinical research program in the same specialty.

In it undisputed here that Gregalit did not meet the requirements of MCL 600.2169.

The crux of the issue between the parties is whether plaintiff's attorney reasonably believed that Gregalit complied with the requirements of MCL 600.2169. Pursuant to MCL 600.2912d(1), a plaintiff's attorney must only *reasonably believe* that the proposed expert meets the requirements for an expert witness. In determining the reasonableness of an attorney's belief,

this Court looks to the resources available at the time the affidavit of merit was prepared. *Grossman v Brown*, 470 Mich 593, 599-600; 685 NW2d 198 (2004). Because limited information is available to plaintiff's attorney at the time the affidavit of merit is prepared, he or she "must therefore be allowed considerable leeway in identifying an expert affiant." *Bates v Gilbert*, 479 Mich 451, 458; 736 NW2d 566 (2007), citing *Grossman*, 470 Mich at 599. However, "such leeway cannot be unbounded. The plaintiff's counsel must invariably have a *reasonable belief* that the expert satisfies the requirements of MCL 600.2169." *Bates*, 479 Mich at 458.

We conclude that plaintiff's attorney did not have a reasonable belief that Gregalit met the requirements for an expert witness. Initially, we note that plaintiff's attorney never filed an affidavit or other documentary evidence regarding the basis for his reasonable belief. From the existing record, it appears that plaintiff's attorney undertook absolutely no inquiry into whether Gregalit was a qualified expert witness. Plaintiff's attorney only attests, with no evidentiary support, that an associate at his prior law firm had previously used Gregalit as an expert in phlebotomy. We do not believe that unsupported assertion is sufficient to establish a reasonable belief of Gregalit's qualifications. Plaintiff's attorney assumed Gregalit was qualified, and did not request a resume or curriculum vitae, or proof of Gregalit's certification or license. Pursuant to the deposition, Gregalit's certificate of phlebotomy was plainly expired. In addition, a brief internet search showed that Gregalit's emergency medical technician (EMT) license had expired by the time of the deposition.[2] Further, plaintiff's attorney seemingly did not even ask Gregalit about his current employment. Even in plaintiff's brief on appeal, plaintiff's attorney states that Gregalit did not tell him the affidavit of merit, prepared by plaintiff's attorney, was wrong; plaintiff's attorney never asked if Gregalit met even the minimal requirements for an expert witness. The fact that plaintiff's attorney sent Gregalit a prepared affidavit of merit and Gregalit made changes to the document was not sufficient for plaintiff's attorney to form a reasonable belief that Gregalit was qualified. Based on the record, plaintiff's attorney failed to use the resources available to him at the time of the creating of the affidavit of merit, the most pertinent being Gregalit himself.

Our decision is consistent with this Court's analysis in *Geralds v Munson Healthcare*, 259 Mich App 225; 673 NW2d 792 (2003), rev'd on other grounds in *Kirkaldy v Rim*, 478 Mich 581; 734 NW2d 201 (2007). *Geralds* involved the plaintiff's counsel's belief regarding its expert witness' board certification, where the defendant was board certified in emergency medicine, but the plaintiff's expert was not. The plaintiff's counsel submitted an affidavit reflecting that he believed his expert, Dr. Podgorny, was board certified because (1) another board certified physician recommended Podgorny and indicated Podgorny was board certified; (2) Podgorny was a former President of the American Board of Emergency Medicine; (3) Podgorny was an examiner for the board and the board's website indicated that examiners must be board certified and (4) in the attorney's experience, he had never seen an instance where a physician was an officer of a specialty board but was not board certified. Nevertheless, Podgorny's curriculum vitae did not indicate that he was board certified in emergency medicine.

---

[2] A brief internet search also revealed that phlebotomy is not a valid license in Michigan.

*Geralds*, 259 Mich App at 228-229. The trial court decided that counsel should have asked Podgorny if he was board certified and as a result, counsel's belief to the contrary was not reasonable. The trial court struck the affidavit of merit and granted the defendant's motion for summary disposition. On appeal, the *Geralds* Court stated:

> It is unreasonable for an attorney to form a belief regarding the board certification of a physician without asking the physician about his board certification. As skilled and experienced as plaintiff's attorneys appear to be, the failure to ask the four word question, "Are you board certified?" and the failure to examine [the affiant's] curriculum vitae, which contains no mention of board certification in emergency medicine, were not reasonable under the circumstances. [*Id*. at 233.]

This Court affirmed the trial court's dismissal of the case with prejudice. Similarly, in the current case, plaintiff's attorney did not even ask Gregalit if he currently worked in phlebotomy or had an active license or certificate in the medical field.

We also note further concerns about plaintiff's attorney's efforts in this matter. Defendant first filed a motion to strike in November 2012, months before the decision at issue here. Defendant pointed out that, in contrast to the affidavit of merit, Gregalit was not a licensed phlebotomist and was an actually an EMT. Even then, apparently, plaintiff's attorney took no efforts to consult Gregalit regarding his qualifications, claiming to be ignorant of Gregalit's failings until the deposition in August 2013. Surely, at that point, plaintiff's attorney should have inquired into Gregalit's qualifications and quickly realized he was unsuitable. Moreover, we are unconvinced that it was not until the deposition that plaintiff's attorney knew about Gregalit's shortcomings, given the fact that plaintiff's attorney produced a new expert witness the same day as the deposition. Plaintiff's attorney claims to have begun searching for a new expert witness before the deposition based on concerns with Gregalit's mental state. Simultaneously, however, plaintiff's attorney claims that Gregalit "duped" him. Plaintiff's attorney's attempts to explain Gregalit's shortcomings as both duplicitous and due to mental incompetency are inconsistent and disingenuous. Moreover, our overall impression from Gregalit's deposition was that Gregalit was not intentionally duplicitous. In fact, Gregalit readily testified regarding his work history. It is also concerning that, although plaintiff's attorney claims, with no evidentiary support, to have sent Gregalit plaintiff's medical records and other relevant case information, the enclosure letter sent to Gregalit listed the only attachment as the prepared affidavit of merit, and Gregalit stated at the deposition that he did not review or receive the medical records.[3]

---

[3] We acknowledge that during the deposition Gregalit also states that he was unsure if he received additional documents with the affidavit of merit. However, our overall impression of the deposition testimony was that Gregalit did not receive or review the records. At one point, Gregalit said that he specifically told plaintiff's attorney he did not want to review "X-rays or CAT scans," because it was "out of my realm, my scope of practice and knowledge." Despite that, plaintiff's attorney included in the affidavit specifics regarding plaintiff's damages, of which Gregalit admittedly had no knowledge or expertise.

Finally, we note that we do not disagree with the trial court's finding that plaintiff's attorney did not intentionally defraud the court. However, the inquiry is whether plaintiff's attorney had a reasonable belief. MCL 600.2912d(1). Even assuming plaintiff's attorney did not purposefully defraud the court, he completely neglected to perform any inquiry into the qualification of Gregalit before submitting the affidavit of merit or within any reasonable amount of time thereafter. Thus, the trial court erred when it implicitly determined that the affidavit fulfilled the statutory requirements, and, thus, abused its discretion in denying plaintiff's motion to strike the affidavit of merit.

Defendant next argues that the trial court erred in allowing plaintiff to substitute a corrected affidavit of merit. Instead, defendant asserts, the trial court should have dismissed the case. We agree that the trial court should have dismissed the case based on the defective affidavit of merit. In addition, we do not believe that plaintiff should have been permitted to amend his affidavit of merit to comply with the statutory requirements.

Again, questions of statutory interpretation are reviewed de novo. *Ligons*, 490 Mich at 70. This Court interprets court rules "using the same principles that govern the interpretation of statutes." *Id*. at 70. "This Court reviews a trial court's decision to permit a party to amend pleadings for an abuse of discretion." *In re Estate of Kostin*, 278 Mich App 47, 51; 748 NW2d 583 (2008). "[A]n abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*.

Our Supreme Court has stated that "a plaintiff's failure to file a timely [affidavit of merit] or to file a timely [affidavit of merit] that satisfies the requirements of MCL 600.2912d(1) generally results in dismissal of the case." *Ligons*, 490 Mich at 75. However, MCR 2.112(L)(2)(b) provides that "[a]n affidavit of merit or meritorious defense may be amended in accordance with the terms and conditions set forth in MCR 2.118 and MCL 600.2301." MCR 2.118(A)(1) states that "[a] party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading." Otherwise, a party "may amend a pleading only by leave of the court or by written consent of the adverse party. *Leave shall be freely given when justice so requires*." MCR 2.118(A)(2) (emphasis added). In turn, MCR 2.118(D) provides:

> An amendment that adds a claim or defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading. *In a medical malpractice action, an amendment of an affidavit of merit or affidavit of meritorious defense relates back to the date of the original filing of the affidavit*. [Emphasis added.]

MCL 600.2301 provides:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or

proceeding *shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties*. [Emphasis added.]

Assuming plaintiff's motion to file a new affidavit of merit was effectively a motion to file an amended affidavit of merit,[4] our inquiry rests on whether defendant's substantial rights would be affected by allowing plaintiff to amend his affidavit of merit. MCL 600.2301. Recently, this Court has considered the meaning of substantial rights in relation to a medical malpractice action in *Furr v McLeod*, 304 Mich App 677; 848 NW2d 465 (2014). "The language in MCL 600.2301 requiring a court to disregard 'any' errors or defects if no substantial rights are affected plainly and unambiguously reaches both content and noncontent errors or defects, as the term 'any' is all-inclusive." *Id*. at 702-703. The Court stated:

> Our construction of MCL 600.2301 is consistent with earlier Supreme Court precedent, which emphasized that the statute aims to abolish technical errors in proceedings and to have cases disposed of as nearly as possible in accordance with the substantial rights of the parties. [*Id.* at 702 (citations and quotation marks omitted).]

The Court then went on to define and explain the meaning of substantial rights:

> Generally speaking, an error or defect affects substantial rights when a party incurs prejudice. See *Black's Law Dictionary* (7th ed), p 1324 (A "substantial right" is "[a]n essential right that potentially affects the outcome of a lawsuit and is capable of legal enforcement and protection, as distinguished from a mere technical or procedural right.") The second sentence in MCL 600.2301 requires a court to ask whether the error or defect affects substantial rights. The issue boils down to whether the party was deprived of any consequential legal benefit or opportunity or was otherwise harmed because of the error or defect. [*Id*. at 704 (citations omitted).]

"It is necessary to examine the nature of a statutory error or defect and the legislative goal of a statute in order to determine whether a particular statutory violation affects a party's substantial rights." *Id*. at 705. "The purpose of the affidavits of merit is to deter frivolous medical malpractice claims by verifying through the opinion of a qualified health professional that the claims are valid." *Barnett v Hidalgo*, 478 Mich 151, 163-164; 732 NW2d 472 (2007) (citation omitted).

---

[4] We note that in the trial court, plaintiff's motion was technically a motion to file a new affidavit of merit, not to amend the affidavit of merit. However, pursuant to MCR 2.112, the proper procedure for plaintiff would have been to request to amend the affidavit of merit. We are not convinced that the label of plaintiff's motion as a request to file a new affidavit as opposed to filing an amended affidavit should be dispositive, as defendant suggests. Thus, to ensure proper and full consideration of the issue on appeal, we treat plaintiff's motion as a motion to amend the affidavit of merit.

We conclude that defendant's substantial rights were affected. The errors in this case reach beyond technical errors in the proceedings. After reviewing the record, we cannot say that plaintiff attempted, in good faith, to comply with statutory requirements for an expert witness. Plaintiff filed his complaint in October 2012, and concerns regarding the affidavit of merit were raised as early as November 2012. As discussed, *supra*, it does not appear that at the time of filing the complaint plaintiff's attorney even attempted to comply with the statutory requirements of MCL 600.2912d. Despite this, the parties commenced months of discovery, which necessitated numerous motions to compel by defendant, only to determine that the affidavit of merit was based on numerous falsities and statutory violations, which related to the qualification of the expert but also arguably to the merits of the case. The trial court acknowledged that the delay was caused by plaintiff. By this time, months had passed in the proceedings, and it was still unclear whether plaintiff had a legitimate claim because of plaintiff's numerous and inexcusable statutory violations. Thus, defendant was unable to properly prepare to defend against plaintiff's claim. Therefore, we cannot say that defendant has suffered no prejudice or harm because of plaintiff's multiple statutory violations, and defendant's substantial rights were affected. Accordingly, the case should be dismissed. *Ligons*, 490 Mich at 75. In addition, "dismissal must be without prejudice unless other grounds for the dismissal exist, such as the expiration of the limitations period." *Id*.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. Defendant, the prevailing party, may tax costs. MCR 7.219.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen
/s/ Michael F. Gadola